IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL M. SANCHEZ, | : | CIVIL ACTION |
| | : | NO. 13-1699 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT DANIEL BURNS, | : | |
| et al., | : | |
| | : | |
| Respondent. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 22, 2014

Petitioner Angel Sanchez is a prisoner incarcerated at
the State Correctional Institution in Marienville, Pennsylvania.
Sanchez has filed a <u>pro se</u> application for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254. The matter was referred to
Magistrate Judge Carol Sandra Moore Wells for a Report and
Recommendation, to which Sanchez has filed objections. For the
reasons set forth below, the Court will approve and adopt the
Report and Recommendation, overrule Sanchez's objections, and
deny the petition with prejudice, without an evidentiary
hearing.

I.     BACKGROUND

Sanchez was tried and convicted in 2001 of first-degree
murder, carrying firearms on a public street, possessing

instruments of a crime, and recklessly endangering another
person. He received a mandatory life sentence for the murder
conviction, as well as concurrent sentences of one to five
years' imprisonment on each of the remaining charges. On appeal,
the Pennsylvania Superior Court affirmed Sanchez's judgment of
sentence. Sanchez then sought timely relief under Pennsylvania's
Post Conviction Relief Act ("PCRA"), but his petition was denied
and he did not appeal.

On May 1, 2012, Sanchez filed a second PCRA petition,
asserting that his trial counsel was ineffective for failing to
properly advise him regarding a pre-trial guilty plea offer. The
PCRA court dismissed that petition as untimely on August 23,
2013. Sanchez filed an appeal, which is still pending in the
Pennsylvania Superior Court.

With his second PCRA petition still pending, Sanchez
filed the instant petition for federal habeas relief. The matter
was referred to Magistrate Judge Carol Sandra Moore Wells, who
issued a Report and Recommendation on January 15, 2014.
According to Magistrate Judge Wells, Sanchez asserts in his
petition that his trial counsel was ineffective for three
reasons: (1) failing to impeach the Commonwealth's witness; (2)
failing to present exculpatory evidence; and (3) providing
erroneous advice regarding the Commonwealth's pre-trial
negotiated guilty plea offer. Magistrate Judge Wells recommends

2

that the Court dismiss the petition in its entirety as untimely.

Sanchez has filed objections to that recommendation, and the

matter is now ripe for resolution.


**II.   LEGAL STANDARD**

The Court undertakes a de novo review of the portions of

the Report and Recommendation to which a party has objected. See

28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea,

Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept,

reject or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") imposes a one-year period of limitations on the filing

of habeas corpus petitions. 28 U.S.C. § 2244(d)(1). That period

begins to run from the latest of the following four possible

dates: (1) "the date on which the judgment became final;" (2)

the date on which an unlawful state-created impediment to filing

an application is removed; (3) "the date on which the

constitutional right asserted was initially recognized by the

Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on

collateral review;" or (4) "the date on which the factual

predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." Id.

## III. DISCUSSION

In his objections, Sanchez clarifies that he is only

asserting one ground for relief: that he was denied effective

assistance of counsel due to his counsel's erroneous advice to

reject a pre-trial plea offer. Therefore, to the extent that

Sanchez originally sought to bring the two additional grounds

for relief identified by Magistrate Judge Wells, the Court

considers those grounds to be withdrawn.

Sanchez's primary substantive objection to the Report and

Recommendation is that Magistrate Judge Wells erred in

concluding that his petition is untimely. According to Sanchez,

his application for habeas corpus relief is timely because it

was filed within one year of the Supreme Court's decision in

Lafler v. Cooper, 132 S. Ct. 1376 (2012). In order for Sanchez's

application to be considered timely on that basis, Lafler v.

Cooper must have "newly recognized" a constitutional right and

that right must be "retroactively applicable to cases on

collateral review." See 28 U.S.C. § 2244(d)(1)(C). Magistrate

Judge Wells concluded that Lafler did not announce a new

constitutional right that applies retroactively, and Sanchez

contends that conclusion is erroneous.

4

In Lafler, the Supreme Court addressed how to apply the
"prejudice" prong of Strickland v. Washington when ineffective
assistance of counsel "results in a rejection of [a] plea offer
and the defendant is convicted at the ensuing trial." 132 S. Ct.
at 1384 (citing Strickland v. Washington, 466 U.S. 668 (1984)).
The Court had previously evaluated whether the improvident
acceptance of a guilty plea could satisfy Strickland, and it
held that a petitioner can demonstrate prejudice in such a
situation by showing "that there is a reasonable probability
that, but for counsel's errors, the defendant would not have
pleaded guilty and would have insisted on going to trial." Id.
at 1384-85 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))
(alteration omitted). In Lafler, the Court expanded upon that
holding, concluding that, when a defendant improvidently rejects
a plea and goes to trial, he can establish prejudice by showing
"that but for the ineffective advice of counsel there is a
reasonable probability that the plea offer would have been
presented to the court . . ., that the court would have accepted
its terms, and that the conviction or sentence, or both, under
the offer's terms would have been less severe than under the
judgment and sentence that in fact were imposed." Id. at 1385.

The Court agrees with Magistrate Judge Wells that Lafler
v. Cooper did not recognize a new constitutional right. Although
the Third Circuit has not yet directly addressed this issue,

almost every other circuit has done so, and they have uniformly

reached the conclusion that Lafler did not announce a new rule,

but instead was "merely an application of the Sixth Amendment

right to counsel, as defined in Strickland, to a specific

factual context." In re Perez, 682 F.3d 930, 932 (11th Cir.

2012)); see also Pagan-San Miguel v. United States, 736 F.3d 44

(1st Cir. 2013); In re Liddell, 722 F.3d 737 (6th Cir. 2013); In

re Graham, 714 F.3d 1181 (10th Cir. 2013); Gallagher v. United

States, 711 F.3d 315 (2d Cir. 2013); Williams v. United States,

705 F.3d 293 (8th Cir. 2013); In re King, 697 F.3d 1189 (5th

Cir. 2012); Buenrostro v. United States, 697 F.3d 1137 (9th Cir.

2012); Hare v. United States, 688 F.3d 878 (7th Cir. 2012). As

many of those cases explain, the Supreme Court in Lafler

"repeatedly and clearly spoke of applying an established rule to

the present facts," and the case was "decided in the post-

conviction context, where state courts ordinarily are not held

to proper application of new rules." Pagan-San Miguel, 736 F.3d

at 45 (quoting Hare, 688 F.3d at 879) (emphasis in original).

    That analysis is further reinforced by the fact that,

even before the Supreme Court's opinion in Lafler, the Third

Circuit recognized that counsel can be constitutionally

ineffective for failing to properly advise a defendant during

plea negotiations, such that the defendant mistakenly goes to

trial. See United States v. Booth, 432 F.3d 542, 546-47 (3d Cir.

2005). In <u>Booth</u>, the court applied <u>Strickland</u> in a federal habeas corpus case addressing counsel's failure to inform defendant that he could enter an "open" guilty plea, which resulted in the defendant proceeding to trial and being convicted. Applying existing case law, the court determined that the defendant could establish prejudice by demonstrating that "but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence." <u>Id.</u> at 546-47 (citing <u>Hill</u>, 474 U.S. at 58). Thus, well before the Supreme Court decided <u>Lafler</u>, the Third Circuit reached essentially the same conclusion based upon existing precedent, suggesting that – at least in this circuit – <u>Lafler</u> did not announce a "new" rule.

In light of that precedent, the Court concludes that <u>Lafler</u> did not recognize a new constitutional right. Accordingly, a new one-year limitation period did not begin to run as of the date of that decision, and Sanchez's request for relief is untimely.[1]

## IV.   CONCLUSION

For the foregoing reasons, the Court will adopt

---

[1]      For the same reason, the Court agrees that Sanchez's federal habeas proceedings should not be stayed pending exhaustion of this claim in state court. Sanchez's unexhausted <u>Lafler</u> claim is not meritorious, and so he is not entitled to the "stay and abey" procedure provided for in <u>Rhines v. Weber</u>, 544 U.S. 269, 275-76 (2005).

Magistrate Judge Wells's Report and Recommendation, overrule

Petitioner's objections, and dismiss Petitioner's application

with prejudice. An appropriate order follows.